IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 15-cv-02246-MSK-KMT

**LOCHWOOD CHATEAU MASTER HOME OWNERS ASSOCIATION, INC.**, a Colorado corporation,

    Plaintiff,

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY**, a corporation,

    Defendant.

---

**ORDER TO SHOW CAUSE**

---

**THIS MATTER** comes before the Court on Plaintiff Lochwood Chateau Master Home Owners Association, Inc.'s ("Lochwood") Motion for Partial Summary Judgment – Breach of Contract for Nonpayment of Appraisal Award (the "Partial Summary Judgment Motion") (**#56**). The Court has begun its review of the parties' briefing on that motion. As it always does, the Court commenced its inquiry by examining whether it properly has jurisdiction over the lawsuit. It became apparent to the Court that there are significant concerns in that regard. Therefore, for the reasons set forth below, the Court **ORDERS** the parties to **SHOW CAUSE** as to why the lawsuit should not be dismissed or remanded for a lack of subject-matter jurisdiction.

**I. BACKGROUND**

This is a hail damage case. Lochwood is the owner of residential property located in Lakewood, Colorado. At all times relevant to this lawsuit, it was insured by a business owner's insurance policy (the "Policy") issued by Defendant American Family Mutual Insurance Company ("American Family"). The Policy included a provision allowing for independent

appraisal of the insured property or amount of loss in the case that such loss amount was in dispute by the parties. That appraisal provision states in relevant part:

> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.

(**#14-2**, at 1.) This appraisal was a mandatory condition precedent if invoked by either of the parties (though, of course, both parties were free *not* to invoke it if they so elected). *Id.* The Policy further specifies that "[n]o one may bring a legal action against us under this insurance unless: (a) [t]here has been full compliance with all of the terms of this insurance…." *Id.* at 16.

On September 9, 2013, Lochwood's property apparently suffered damage from a hail storm, and Lochwood timely submitted a claim to American Family for that damage under the Policy. The parties apparently do not dispute that hail damage is a covered loss; instead, the crux of the dispute concerns the amount of that loss. Lochwood apparently believes that the covered loss amount is significantly higher than does American Family.

Lochwood originally filed its initial complaint in Colorado state court on September 8, 2015. American Family removed the matter to this Court, asserting diversity jurisdiction.

Lochwood' Complaint asserts four claims: declaratory relief (*i.e.*, to declare the parties' rights and obligations under the Policy, specifically including the scope of the appraisal provision set forth therein); a petition to compel American Family to participate in the appraisal process, specifically compelling it to appoint its appraiser; breach of contract for failure to adjust the loss and failure to pay the benefits due under the Policy; and an unreasonable delay in paying Lochwood' claim (in violation of C.R.S. § 10-3-1115).

Magistrate Judge Tafoya held a scheduling conference with the parties on February 9, 2016 and ordered the parties to complete an appraisal, as outlined pursuant to the policy. The parties' respective appraisers were to select an umpire, but if the appraisers could not agree as to an umpire, each party could file a motion to appoint one. The appraisers failed to agree, and after receiving the parties' cross motions to appoint an umpire, Magistrate Judge Tafoya appointed John A. Voelpel III and stayed discovery while the appraisal was pending. The appraisal process was completed on June 6, 2016, and on October 31, 2016, the parties requested that the stay be lifted.

On April 7, 2017, Lochwood filed a Partial Summary Judgment Motion. It sought summary judgment on its breach of contract claim, asserting that because the appraisal process had been completed, under the terms of the Policy, American Family was obligated to pay the appraised amount as a matter of law. American Family opposed entry of partial summary judgment by attacking the fairness and impartiality of the appraisal process. It noted that the purportedly "impartial" appraiser appointed by Lochwood had a long and detailed history with Lochwood's counsel, and he had been rejected as impermissibly partial due to that relationship by a number of courts in a number of jurisdictions (including the District of Colorado on multiple occasions).

## II. DISCUSSION

As noted above, the Court has significant doubt that it had jurisdiction resolve the claims pending before the Court.

### A. Jurisdiction and Standing

Starting with the obvious, federal courts are courts of limited jurisdiction that possess only that authority given to them by the United States Constitution and federal statutes.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Article III of the Constitution restricts the authority of federal courts to adjudicating actual "cases" and "controversies." U.S. CONST. art. III, § 2, cl. 1; *Sprint Commc'ns Co. v. APCC Servs. Inc.*, 554 U.S. 269, 273 (2008). A case or controversy can only be brought by a person with standing to sue.

Unlike doctrines which restrain federal courts from exercising jurisdiction based on the characteristics of the claims themselves (*e.g.*, doctrines of abstention or grants of exclusive jurisdiction), the question of standing focuses on the party who seeks relief, rather than on the issues that he or she wants adjudicated. *See, e.g., Flast v. Cohen*, 392 U.S. 83, 95 (1968). A plaintiff must demonstrate standing for each claim.

For each claim or type of relief sought, a plaintiff must show that there it is a "case or controversy" *at the time of filing of the lawsuit*. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006); *Summers v. Earth Island Inst.*, 555 U.S. 488, 492-93 (2009). Thus, for each claim, Lochwood must demonstrate that: (1) it has suffered an "injury in fact" that was concrete and particularized, or actual or imminent (not merely conjectural or hypothetical); (2) the injury was traceable to the action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury would be redressed by the relief requested. *Friends of the Earth Inc. v. Laidlaw Envtl. Servs. Inc.*, 528 U.S. 167, 180-81 (2000); *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir.2004); *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1154 (10th Cir. 2005). If Lochwood suffered some injury subsequent to the filing of the lawsuit, that does not convey standing.

**B.     Lochwood' Breach of Contract (and Related) Claims**

In its Complaint, Lochwood brings four different claims, but only two appear to have been a "case or controversy" at the time the action was removed. According to the Policy,

American Family had no payment obligation until the conditions precedent set forth in the "Property Loss Conditions" (**#14-2**, at 1-4 – Section E) were satisfied. Indeed, the Policy expressly provides that no action can be brought until there is "full compliance with the terms of this insurance." (**#14-2**, at 2 – Section E and Subsection E.4.a.) One of the "Property Loss Conditions" required that either the parties agree to the amount of loss or that they comply with the appraisal process. Here, the parties invoked the appraisal process.

At the time that American Family removed the suit to this Court, the only dispute between the parties concerned the appraisal process – particularly, whether the appraisers could determine issues of coverage. The only injury that Lochwood arguably had suffered was the inability to determine loss. This injury was sufficient to establish standing for the declaratory judgment claim and for the claim for specific performance as to the appraisal process, but not as to the claims pertaining to non-payment. At the time of removal there could be no cognizable dispute as to payment under the Policy or as to delay in such payment because the payment obligation had not yet arisen; indeed, the payment obligation could not arise until the appraisal process was completed.[1] Without a payment obligation, an injury arising from non-payment or delay in payment was speculative. Put another way, at the time of removal, Lochwood's claims that American Family had breached the terms of the Policy by non-payment or had delayed in payment were premature.

---

[1] Courts in Colorado and elsewhere have held that the parties to an insurance contract with an appraisal process as a condition precedent to bringing suit can waive their contractual appraisal rights. *See, e.g.*, *Laredo Landing Owners Ass'n, Inc. v. Sequoia Ins. Co.*, No. 14-cv-01454-RM-KMT, 2015 WL 3619205, at *2 (D. Colo. June 10, 2015); *Ins. Co. of N.A. v. Baker*, 268 P. 585, 586 (Colo. 1928). However, here, neither party *has* waived the appraisal provision. To the contrary, the parties have insisted on its performance.

It appears to the Court that since the appraisal process has been completed and all of Lochwood's appraisal-related claims are now moot,[2] the case should be remanded. The parties are invited to show cause why a remand order should not enter. Any briefing shall be filed no later than **14 days** from the date of this Order. Either party will have an opportunity to respond to the arguments raised by the other party by submitting a response brief no later than **7 days** thereafter.

Dated this 26th day of October, 2017

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge

---

[2] A claim is moot where a plaintiff loses his or her personal stake in the outcome of the litigation over that claim because of an intervening event. *EEOC v. CollegeAmerica Denver, Inc.*, 869 F.3d 1171, 1173 (10th Cir. 2017) (citing *Campbell-Ewald Co. v. Gomez*, 577 U.S. ----, 136 S. Ct. 663, 669 (2016)). In a situation where events occur that make it so that a plaintiff is no longer suffering any actual injury that is redressable by a favorable judicial decision, the claim will be moot. *Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015).